IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                  CIV 08-0382 LH/KBM
                                                                      CR 04-2400 LH

JOSE GARCIA-CARDENAS,

    Defendant-Movant.


# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

A jury convicted Jose Garcia-Cardenas of possession with intent to distribute methamphetamine and conspiracy to commit the same. After being sentenced to 235 months in prison, Defendant appealed. The Tenth Circuit affirmed his sentence and conviction and the Supreme Court of the United States denied certiorari. *See United States v. Garcia-Cardenas,* 242 Fed. Appx. 579, 580 (10th Cir.), *cert. denied,* 128 S. Ct. 686 (2007). Defendant then filed the present motion before me seeking habeas relief pursuant to 28 U.S.C. § 2255. *See Doc. 1.* For the

reasons stated in the United States' response, which I incorporate herein by reference, *see Doc. 6,* I find the motion is not well-taken and recommend that it be denied. To that I will set forth a brief summary of my rationale.

Defendant raises three claims in his § 2255 petition. Two of them are identical or inextricably linked to claims raised on direct appeal.

*Trial Court's Comment – Alleged Denial of Due Process.* After pronouncing sentence, the trial judge made a comment distinguishing illegal aliens who "come to the United States . . . to make an honest living" and from those who "come up here and try to make a living by transporting such a dangerous poison." *Garcia-Cardenas,* 242 Fed. Appx. at 583; *see also Sentencing Transcript* at 5. On direct appeal, counsel raised the issue as a violation of due process. The Tenth Circuit disagreed, finding that in proper context, the remark did not demonstrate the district judge sentenced Defendant more harshly because of his alien status. *See Garcia-Cardenas,* 242 Fed. Appx. at 583.

Defendant raises the identical issue here. *See Doc. 1* (Memorandum attached to petition at page 9-10 ; hereinafter "*Memo*"). However, claims that have already been addressed by the Tenth Circuit on direct appeal cannot be relitigated in a § 2255 petition. *See, e.g., United States v. Varela-Ortiz,* 189 Fed. Appx. 828, 830 (10th Cir. 2006) ("Because we already disposed of this issue on

direct appeal, Mr. Varela-Ortiz may not raise it again in a § 2255 petition.") (citing *United States v. Warner,* 23 F.3d 287, 291 (10th Cir. 1994) and *United States v. Prichard,* 875 F.2d 789, 791 (10th Cir. 1989)).

*Failure to Object to Trial Court's Comment – Alleged Ineffective Assistance of Counsel.* Defendant argues that Judge Hansen's above-cited remark was discriminatory and criticizes his lawyer's failure to object to the comment at the time it was made, and failure to "competently" argue the claim on direct appeal or in the brief for certiorari. *See Memo* at 7. Defendant maintains that those asserted failures establish that counsel's "performance was deficient [and] that deficient performance prejudiced movant's defense." *Id.* at 9.

Contrary to what Defendant seems to be suggesting, *see Memo* at 9, ineffective assistance of counsel claims can be raised for the first time in a § 2255 petition, and are not defaulted for failing to raise them on direct appeal.[1] Nonetheless, "[a]lthough cloaked in the guise of an ineffective assistance claim, this is the same issue decided on direct appeal and cannot be raised again in a § 2255 motion." *United States v. Anderson,* 17 Fed. Appx. 855, 858 (10th Cir. 2001)

---

[1] *See, e.g., United States v. Smith,* 2008 WL 55996 at *2, n.1 (10th Cir. 2008) ("The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255. Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings. No procedural bar will apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead. *United States v. Galloway,* 56 F.3d 1239, 1242 (10th Cir. 1995) (*en banc*); *see also Massaro v. United States,* 538 U.S. 500, 504-09 (2003).").

(citing *United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996)); *see also United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005) ("We find the present claim to be the same claim in different clothes, and we will not reconsider the issue on collateral review."). Thus, the ineffectiveness claims should be rejected for the same reason as the due process claim above.

Alternatively, the claims are without merit. Under *Strickland v. Washington,* 466 U.S. 668 (1984), Defendant must demonstrate that counsel's conduct was constitutionally deficient and that but for the conduct, the result of the proceeding would have been different. Failure to make either showing defeats the claim. *E.g., Smith v. Robbins,* 528 U.S. 259, 286, n.14 (2000); *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *United States v. Orange,* 447 F.3d 792, 796-97 & n. 5 (10th Cir. 2006). The Tenth Circuit's decision is dispositive of the prejudice prong for Defendant's challenge counsel's trial conduct and appellate conduct.

Counsel's failure to challenge the comment during sentencing did not cause any procedural default of the claim on direct appeal. And, as the Tenth Circuit held, it is clear from a reading of the sentencing transcript that the Defendant's status as an alien did not affect Judge Hansen's determination as to the appropriate sentence he ultimately imposed. Thus, addressing the trial court's comment during the sentencing hearing would not changed the outcome of the sentence. Nor

would have any efforts by counsel to argue the issue differently during appeal led to a different result since the claim in fact was addressed on the merits.

*Failure to Raise Booker Argument – Alleged Ineffective Assistance Of Counsel.* In his motion, Defendant asserts that counsel was ineffective in failing to raise a *Booker* issue. *See United States v. Booker,* 543 U.S. 220 (2005). From the attached memorandum to Defendant's motion for habeas relief, it is apparent that someone, probably a fellow inmate, is helping Defendant pursue this motion. Unfortunately, this person mistakenly thinks that Judge Hansen *solely* relied on the quantity of drugs as found by probation in the presentence report in determining the applicable sentencing range.

In fact, however, the 7.727 net kilograms of methamphetamine figure used by Judge Hansen represents the quantity that the jurors <u>specifically found</u> after taking into account the purity level of the seized contraband. *See U.S. v. Garcia-Cardenas,* CR 04-2400 (*Doc. 84*, verdict form: "In kilograms, what do you find the methamphetamine weighed? 8.986.")[2]; *Presentence Report* at ¶ 8 (in calculating the applicable Guideline range – "net weight of methamphetamine discovered was 8.986 kilograms with a purity of 86%, which results in 7.727 net kilograms of

---

[2] *See also Verdict Transcript* at 3-4 (same and all jurors polled as to unanimity); *Presentence Report* at ¶ 2 ("the jury determined that Garcia-Cardenas was accountable for 8.986 net kilograms of methamphetamine"); *Trial Transcript* at 19, 226 (U.S. exhibits setting out quantity).

methamphetamine (actual)"). Arguably *Booker* would have permitted the higher quantity found by the jury to have been used in the absence of any finding by the jury on the purity level, but, in any event, the difference would not have resulted in a different Guideline range.[3]

Wherefore,

IT IS HEREBY RECOMMENDED that the § 2255 petition be dismissed with prejudice.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2005) (base level of 38 for "15 KG or more of Methamphetamine, or 1.5 KG or more of Methamphetamine (actual)"; *id.,* cmt. B ("The terms PCP (actual), Amphetamine (actual), and Methamphetamine (actual) refer to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP (actual). In the case of a mixture or substance containing PCP, amphetamine, or methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual), amphetamine (actual), or methamphetamine (actual), whichever is *greater.*") (emphasis added, internal quotations omitted).